NOT DESIGNATED FOR PUBLICATION

No. 115,268

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN DAVID SMALLING, SR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed October 7, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., POWELL, J., and STUTZMAN, S.J.


*Per Curiam*:  John Smalling, Sr., appeals the district court's decision to revoke his probation and impose his underlying prison sentence. We granted Smalling's motion for summary disposition under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State did not file a response. Finding that the district court appropriately exercised its discretion, we affirm.

On December 11, 2012, Smalling pled no contest to one count of failure to register as a drug offender. At a sentencing hearing held on January 25, 2013, the district court granted Smalling's motion for a downward dispositional departure sentence. He was subsequently sentenced to 29 months in prison but was granted probation for 24 months.

1

On April 19, 2013, the district court found that Smalling had violated his probation by failing to report to Community Corrections on two occasions and by attempting to alter a urinalysis test. As a result, the court revoked and reinstated probation on the condition that Smalling serve 60 days in jail with possible release after 30 days if he entered inpatient treatment.

On January 17, 2014, the district court again found that Smalling violated his probation by testing positive for methamphetamine, failing to report on two occasions, admitting to the use of methamphetamine on three occasions, giving untruthful reasons for not reporting, and submitting false documents regarding work hours. This time he was ordered by the district court to serve a 120-day sanction, with assignment to community corrections for 12 months on release.

On December 17, 2014, the State once again moved to revoke Smalling's probation for failing to report to Community Corrections as directed. Smalling appeared at a first appearance on this motion to revoke on July 10, 2015, and the district court set it for a hearing on July 24, 2015. Smalling appeared at the July 24, 2015, hearing and requested a 2-week continuance. The district court granted the continuance and stated it would inform the parties when it set the case for an evidentiary hearing. The district court reminded Smalling that he must continue to report. Smalling failed to appear at the next hearing, which was held August 6, 2015, and his attorney stated that he believed Smalling had not reported to Community Corrections since the previous hearing. The district court issued a bench warrant at the hearing, and that same day, the State filed an amended motion to revoke, adding that Smalling had absconded from supervision. On August 21, 2015, the State filed a second amended motion to revoke, adding a claim that Smalling failed to advise his intensive supervision officer of a change of address. Smalling appeared at a hearing on October 30, 2015, at which point the district court stated it would appoint the public defender to represent him.

At a probation revocation hearing held on November 6, 2015, Smalling admitted to all of the violations alleged by the State. However, he requested that his probation be terminated or, in the alternative, that it be reinstated or modified. Nevertheless, the district court revoked his probation and ordered that he serve his original prison sentence. Thereafter, Smalling filed a timely notice of appeal.

On appeal, Smalling argues that the district court abused its discretion in revoking his probation and ordering him to serve his original prison sentence. Smalling admits, however, that a district court has discretion to revoke probation upon a showing that a defendant violated the terms of his or his probation.

Probation from a sentence is an act of grace by the sentencing judge, and, unless otherwise required by law, the sentencing judge grants it as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the probation conditions, revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

We find that the district court's decision to revoke Smalling's probation was not arbitrary, fanciful, or unreasonable. Likewise, it was also not based on an error of fact or law. We, therefore, conclude that the district court did not abuse its discretion in revoking Smalling's probation and imposing his original prison sentence.

Affirmed.